## Case No. 9,947b.

### MURPHY v. BYRD.

[Hempst. 221.] 1

Superior Court, Territory of Arkansas. Jan., 1833.

PLEADING AT LAW—PAYMENT—SURPLUSAGE—PLEA OF FRAUD.

1. A plea of payment referring to the instrument sued on, as a "supposed writing obligatory." is nevertheless good, and those words may be rejected as surplusage.

2. General plea of fraud is not admissible.

Appeal from Conway circuit court.

[This was a proceeding by Benjamin Murphy against Richard C. Byrd.]

Before ESKRIDGE, CROSS, and CLAYTON, JJ.

OPINION OF THE COURT. This case comes up by appeal from Conway circuit court. It is contended that the court below improperly sustained the demurrer to the defendant's two pleas of payment and fraud. The action is founded on a writing obligatory due the 11th of March, 1832, for the

1 [Reported by Samuel H. Hempstead, Esq.]

sum of one hundred and thirty-five dollars and twenty-two cents. By the defendant's plea it is alleged that "on the 11th day of March, 1832, in the county aforesaid, he paid to said plaintiff the said sum of one hundred and thirty-five dollars and twenty-two cents, according to the form and effect of said supposed writing obligatory." It is said that this plea is repugnant and inconsistent with itself, because it admits the writing by necessary implication, and afterwards denies it by referring to it as having only a hypothetical existence, and consequently the demurrer was properly sustained. Repugnancy will, in many instances, vitiate a plea, but not when the matter is nonsense, by being contradictory and repugnant to something precedent. In such cases the inconsistent matter will be rejected as surplusage. 1 Chit. 211; 1 Salk. 324. In the case before us, the allegation of payment in the plea, is a clear admission of the instrument upon which the action is founded, and the statement afterwards allowing it a supposed existence only, is contradictory and should be rejected as surplusage. It certainly could not be taken advantage of on a general demurrer, and special demurrers are not allowed under the provision of our statute. We think, therefore, that the circuit court erred in sustaining the demurrer to the plea of payment. A general plea of fraud has heretofore been decided by this court to be inadmissible, and clearly is so. Judgment reversed.

[For another action between the same parties, see Case No. 9,947a.]

---

## Case No. 9,948.

### MURPHY v. CAMAC.

[4 Wash. C. C. 307.] 1

Circuit Court, D. Pennsylvania. Oct. Term, 1822.

JUDGMENT—SOUNDING IN FOREIGN MONEY—RATE OF EXCHANGE.

Judgment confessed, with liberty to the defendant at a future term to prove discounts. The judgment being for sterling money, the exchange is to be settled as of the day when the judgment was confessed.

Judgment was confessed in this case for $1100, Irish sterling, at the November term 1820 [see Case No. 2,226], with liberty to prove any discounts at a future session of the court. The plaintiff now admitted that the defendant was entitled to a credit against the judgment to the amount of $———, and the only question submitted to the court was, whether the rate of exchange should be settled as of the day when the judgment was confessed, or as of the present time. The court decided, that the rate of exchange when the judgment was confessed ought to govern.

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]